**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL MERRIWEATHER, and
all similarly situated individuals,

    Plaintiff,

vs.                                                CASE NO. 3:08-cv-836-J-32TEM

LATRESE & KEVIN ENTERPRISES, INC.,
etc., et al.,

    Defendants.
_____

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #31, Motion to Strike) and Defendants' response thereto (Doc. #39, Response). Plaintiff's Motion to Strike requests that the Court strike several of Defendants' affirmative defenses contained within its answer (Doc. #30). For the following reasons, the Motion to Strike shall be **DENIED**.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense"; however, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999). A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought

to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995).

Plaintiff argues in the Motion to Strike that Defendants' Sixth affirmative defense (good faith reliance on the administrative regulations of the Secretary of Labor), Defendants' Eighth affirmative (estoppel), and Defendants' Ninth affirmative defense (exempt salaried employee) fail to place Plaintiff on adequate notice as to the issues to be litigated and "are not recognized as valid defenses under [the Fair Labor Standards Act] FLSA" (Doc. #31 at 2).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it." Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. The pleading need only give fair notice of the asserted defense(s) "so that opposing parties may respond, undertake discovery, and prepare for trial. Thus, for example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006).[1]

Here, the Court finds Defendants have stated their affirmative defenses in short and plain terms, and that said affirmative defenses adequately place Plaintiff on notice as to the issues to be litigated. In addition, the Court does not find the affirmative defenses at issue

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

are invalid defenses under the FLSA.

For instance, Plaintiff claims estoppel is an invalid defenses under the Fair Labor Standards Act ("FLSA") (Doc. #31 at 5). Review of the relevant case law, however, reveals that estoppel is a valid defenses to FLSA claims under certain circumstances. Courts have allowed the defense of estoppel in a FLSA action where a plaintiff affirmatively misleads a defendant employer regarding the number of hours worked. *See e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).[2] Further, it appears Defendants merely aver Plaintiff is estopped (*i.e.* precluded) from seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time (Doc. #30 at 5, ¶ 40). Moreover, the defense of good faith reliance on the administrative regulations of the Secretary of Labor is a valid defense with regard to any liquidated damages award. *See* 29 U.S.C § 260. Likewise, Defendants' salaried employee exemption defense is a valid defense to a FLSA claim. *See* 29 U.S.C § 213(a)(1).

Thus, upon due consideration, it is hereby **ORDERED**:

Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #31) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of May, 2009.

Copies to: All Counsel of Record
and *Pro Se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

---

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).