**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL MERRIWEATHER, and
all similarly situated individuals,

    Plaintiff,

vs.                                       CASE NO. 3:08-cv-836-J-32TEM

LATRESE & KEVIN ENTERPRISES, INC.,
etc., et al.,

    Defendants.
_____/

## O R D E R

    This matter is before the Court on Plaintiff's Motion to Compel Defendants to Produce the List of the Names and Addresses of All Putative Class Members and Motion to Compel Discovery (Doc. #36, Motion to Compel), Motion to Compel Defendants to Confirm the Manner in Which Defendants Have Complied With Court's Order Requiring Them to Post Notice of Opt-in Deadline for Putative Class Plaintiffs to File Consent to Join (Doc. #45, Motion to Confirm Compliance), and Defendants' response in opposition to Plaintiff's Motion to Compel (Doc. #43).[1]

    This is an action brought by Plaintiff and all similarly situated individuals for unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA") (Doc. #1). On April 9, 2009, the District Court entered an Order (Doc. #35) granting Plaintiff's Motion to Conditionally Certify Class Action and Facilitate Notice to Potential Class

---

[1]Although the Court ordered Defendants to file a response to Plaintiff's Motion to Confirm Compliance (Doc. #45) by 12:00 p.m, Friday, July 17, 2009 (Doc. #48, Order), Defendants failed to file any such response.

Members (Doc. #24). Said Order required Defendants to post a copy of the Notice of Opt-in Date at the Latrese & Kevin Enterprises, Inc., Jacksonville, Florida, facility "no later than May 1, 2009" and that it was to remain "visibly posted until July 31, 2009" (Doc. #35 at 2). The order also provided that July 31, 2009 was the deadline for opt-in Plaintiffs to file a consent to join (Doc. #35 at 2). In addition, the District Court directed Defendants to provide Plaintiff's counsel with a list of the names and addresses of all putative collective action members by May 1, 2009, and directed the parties to file notice with the Court reflecting compliance (Doc. #35 at 2).

Subsequently, Defendants failed to provide Plaintiff's counsel with the names and addresses of all putative collective action members, and failed to advise the Court of their compliance with respect to posting the Notice of Opt-in Date in their Jacksonville facility (*see* Doc. #44 at 2). On May 6, 2009, Plaintiff filed a Motion to Compel Defendants to Produce the List of the Names and Addresses of All Putative Class Members (Doc. #36). Said motion also seeks to compel Defendants to provide answers to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions (Doc. #36 at 2).

After the deadline passed for Defendants to file a response to Plaintiff's Motion to Compel (Doc. #36) with no response filed, the Court entered an Order directing Defendants to respond to the motion by June 24, 2009 (Doc. #41). On June 22, 2009, Defendants filed a response to Plaintiff's Motion to Compel (Doc. #43). Said response, however, only contained a list of the names and addresses of various putative class members and did not address Plaintiff's motion to compel discovery responses (*see* Doc. #43).

2

On June 24, 2009, in light of Defendants' non-compliance with the District Court's Order directing notice be posted of the opt-in date (Doc. #35), Plaintiff filed an Unopposed Motion for Clarification (Doc. #44) and the Motion to Compel Compliance (Doc. #45).

On June 29, 2009, the District Court entered an Endorsed Order granting Plaintiff's Unopposed Motion for Clarification (Doc. #46). In the docket entry text of said Order, the District Court ordered Defendants to "post a copy of the Notice [of Opt-in Date] directed by this Court's April 9, 2009 Order that reflects that the new opt-in date is September 21, 2009" (Doc. #46). The District Court further directed Defendants to post said notice at the Latrese & Kevin Enterprises, Inc., Jacksonville, Florida, facility and to leave it posted until September 21, 2009 (Doc. #46). In addition, said Order directed Defendants to "file a notice with the Court advising of their compliance" by July 10, 2009 (Doc. #46). No such notice was ever filed.

The undersigned held a hearing in this matter on July 21, 2009 (Doc. #51, Minutes).[2] At the hearing, it was brought to the Court's attention that Defendants have not complied with the District Court's Order, dated June 29, 2009 (Doc. #46), *supra*. Defendants maintain they have not posted the Notice of Opt-in Date at the Latrese & Kevin Enterprises, Inc., Jacksonville, Florida, facility because said facility is currently not operational. Defendants agreed, however, to post said notice at a different facility that Defendant Kevin Hargrave is presently operating under a fictitiously named business entity, BFS Credit Services. Said new enterprise is apparently substantially similar to Latrese & Kevin

---

[2]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Enterprises, Inc.,[3] and it was agreed by the parties that Defendants would post the Notice of Opt-in Date at BFS Credit Services' new facility. It was also resolved at the hearing that, with respect to Plaintiff's motion to compel discovery, Defendants would provide responses to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions by July 28, 2009. In addition, counsel for Plaintiff stated that the list of putative class members provided by Defendants (Doc. #43) appears to be sufficient at this juncture.

Plaintiff's Motion to Compel (Doc. #36) also contains a motion for reasonable costs and attorney's fees associated with bringing the motion (Doc. #36 at 3-5, 7).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that a party resisting discovery, that party's attorney, or both the individual party and the attorney, may be required to pay the reasonable expenses incurred in bringing a meritorious motion to compel. Specifically, Rule 37 provides in pertinent part as follows:

> Fed. R. Civ. P. 37 -Failure to Make Disclosures or to Cooperate in Discovery; Sanctions
>
> 5) Payment of Expenses; Protective Orders.
>
>> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>
>>> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

[3]Latrese & Kevin Enterprises, Inc.'s assets were frozen in another action pending before the Court. *See Federal Trade Commission v. Latrese & Kevin Enterprises, Inc., etc., et al.*, Civil Action No. 3:08-cv-1001-J-34JRK (M.D. Fla. Oct. 20, 2008) (Docs. #18 and #26).

4

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

At the hearing, the undersigned determined that, due to Defendants' failure to comply with the rules governing discovery and the Court's prior Orders, Plaintiff's request that Defendants be ordered to pay his expenses, including reasonable attorney's fees, associated with bringing the motion shall be granted.

Based on the reasons stated herein and at the hearing, it is hereby **ORDERED:**

1. Plaintiff's Motion to Compel Defendants to Produce the List of the Names and Addresses of All Putative Class Members and Motion to Compel Discovery (Doc. #36) is **GRANTED to the extent that Defendants shall provide responses to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions by July 28, 2009**. In addition, Plaintiff's request that Defendants be ordered to pay his **expenses, including reasonable attorney's fees**, associated with bringing the motion is **GRANTED**.

2. The parties subject to this Order shall meet and agree upon an appropriate sum representing a reasonable amount of expenses, including reasonable attorney's fees, which shall be paid to Plaintiff forthwith. If the parties subject to this Order are unable to agree as to the appropriate sum, Plaintiff shall, **within twenty (20) days** from the date of this Order, file an affidavit as to

expenses and fees. Defendants shall have **ten (10) days** from the service of the affidavit within which to respond.

3. Plaintiff's Motion to Compel Defendants to Confirm the Manner in Which Defendants Have Complied With Court's Order Requiring Them to Post Notice of Opt-in Deadline for Putative Class Plaintiffs to File Consent to Join (Doc. #45) is **GRANTED**.

4. **Defendants shall post** a copy of the Notice directed by this Court's April 9, 2009 Order (Doc. #35) that reflects the new opt-in date is **October 15, 2009**.

5. **Defendants <u>shall leave the Notice posted</u> until October 15, 2009**.

6. **Defendants shall file a notice with the Court advising of their compliance no later than August 5, 2009**.

7. Plaintiff's mailing to putative collective action members shall also reflect that the opt-in date is **October 15, 2009**.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge