**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL MERRIWEATHER, and
all similarly situated individuals,

      Plaintiff,

      vs.                                 CASE NO. 3:08-cv-836-J-32TEM

LATRESE & KEVIN ENTERPRISES, INC.,
*etc.*, *et al.*,

      Defendants.
_____/

**O R D E R**

This matter has been referred to the undersigned for issuance of a Report and Recommendation regarding whether the parties' proposed settlement is a "fair and reasonable" resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #82, Order of Referral).

After a review of the parties' Amended Proposed Consent Judgment (Doc. #83-1), the undersigned found it to be deficient. In order to make an informed recommendation to the District Court, additional information is required. More particularly, the undersigned requires: (1) information regarding the extent to which Plaintiffs' claims have been compromised by attorneys' fees, costs, or expenses; and (2) evidence that establishes the attorneys' fees sought are "reasonable" under the FLSA. For the reasons provided herein, the undersigned shall direct that said information be provided to the Court.

In the Amended Proposed Consent Judgment (Doc. #83-1), it is maintained that further Court review of the parties' proposed stipulated judgment is not necessary because

"[f]ees and costs payable to [Plaintiffs'] attorneys under the [proposed] judgment are being paid in excess of full relief, absent liquidated damages" (Doc. #83-1 at 1 n.1).  In making this assertion, the parties presumably rely on precedent which indicates that if a FLSA plaintiff has been offered "full compensation" then the case does not involve a compromise under *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary.  *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In this instance, however, the parties maintain that costs and attorneys' fees are being paid in excess of full relief, "**absent** liquidated damages" (Doc. #81-1 at 1 n.1) (*emphasis added*).  The Eleventh Circuit has stated that the FLSA "contemplates that the wronged employee should receive his full wages plus the penalty [liquidated damages] without incurring any expense for legal fees or costs."  *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009) (*internal quotations and citations omitted*).[1]  As stated in *Colon-Frank v. Signature Payroll Serv's, LLC*, "in any case in which a plaintiff agrees to accept less than his full FLSA wages **and** liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." No. 6:09-cv-1881-Orl-28KRS, at *2 (M.D. Fla. Apr. 30, 2010) (*emphasis added*).

The undersigned finds Court review is necessary in this instance as it appears Plaintiffs have compromised their claims with respect to liquidated damages.

---

[1] Although unpublished opinions are not considered binding authority, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Based on the foregoing, it is hereby **ORDERED** that counsel for Plaintiffs file, by no later than **December 17, 2010**:

1.  **a sworn declaration** that:

    (a) sets forth the calculation used to determine the **precise final distribution** of settlement funds, which shall **delineate** the following for each Plaintiff: (1) wage compensation; (2) liquidated damages; and (3) attorneys' fees, costs, and expenses; and

    (b) advises the Court whether, and to what extent, any fee agreement (or other agreement) could decrease each Plaintiff's recovery if the Court determines that "reasonable" attorneys' fees are less than those sought by the proposed judgment.

2.  **Evidence** establishing that the proposed attorneys' fee award constitutes a "reasonable fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet **detailing**: (1) the work performed by counsel and other legal professionals; (2) the name of the individual who performed each task; (3) whether said individual is an attorney, paralegal, legal assistant, *etc.*; (4) the hourly rate requested; and (5) the time spent on each task. Counsel for Plaintiffs shall **also include** information which sets forth each individual's **level of education and years of work experience**, along with any other information counsel for Plaintiffs would like the Court to consider in determining the reasonableness of the proposed fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of December, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge