**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL MERRIWEATHER, and
all similarly situated individuals,

      Plaintiffs,

  vs.                                CASE NO. 3:08-cv-836-J-32TEM

LATRESE & KEVIN ENTERPRISES, INC.,
*etc.*, *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

      This matter has been referred to the undersigned for issuance of a Report and Recommendation regarding whether the parties' amended proposed consent judgment is a "fair and reasonable" resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Doc. #82, Order of Referral). *See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

      An evidentiary hearing was held before the undersigned on January 21, 2011 (Doc. #95 Minutes).[2] For the reasons stated herein and on the record at the hearing, the undersigned will **RECOMMEND** that the District Court find the parties' amended proposed consent judgment to be a fair and reasonable resolution of a *bona fide* FLSA dispute.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

In the parties' Amended Proposed Consent Judgment (Doc. #83-1), it is maintained that further Court review of the parties' proposed stipulated judgment is not necessary because the "[f]ees and costs payable to [Plaintiffs'] attorneys under the [proposed] judgment are being paid in excess of full relief, **absen**t liquidated damages" (Doc. #83-1 at 1 n.1) (*emphasis added*).

The Eleventh Circuit, however, has stated that the FLSA "contemplates that the wronged employee should receive his full wages plus the penalty [*i.e.*, liquidated damages] without incurring any expense for legal fees or costs." *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009) (*internal quotations and citations omitted*).[3]  As stated in *Colon-Frank v. Signature Payroll Serv's, LLC*, "in any case in which a plaintiff agrees to accept less than his full FLSA wages **and** liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." No. 6:09-cv-1881-Orl-28KRS, at *2 (M.D. Fla. Apr. 30, 2010) (*emphasis added*).  If a party compromises his or her claim, the court must scrutinize the settlement for fairness.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

In this instance, the undersigned found further Court review was necessary because Plaintiffs compromised their claims with respect to liquidated damages.  At the hearing, the parties argued that the proposed judgment is nevertheless fair and reasonable because it provides compensation for all of the claimed overtime hours even though there are very limited time records in the possession of either party that document such hours (Doc. #95). Counsel for Plaintiffs stated that this action is essentially an "off-the-clock" dispute;

---

[3]Although unpublished opinions are not considered binding authority, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

therefore, many of the claimed overtime hours would need to be established if the case were to go to trial (Doc. #95).

In further support of their assertion that the proposed settlement is fair and reasonable, the parties referenced the fact that an Order for Permanent Injunction and Other Equitable Relief (Doc. #144), related to a separate case, imposes an asset freeze on Defendants' property in relation to a $7,443,732.00 judgment entered against them in *FTC v. Latrese & Kevin Enterprises, Inc.*, et al., 3:08-cv-1001-J-34JRK (M.D. Fla. Jan. 27, 2010).  Furthermore, it was maintained that the Defendant corporation is no longer in operation (Doc. #95).  Counsel for Plaintiffs stated that Plaintiffs are satisfied with the proposed settlement because they do not wish to continue to incur legal fees, endure additional discovery, or attend trial if any judgment they might later obtain ultimately proves to be uncollectible (Doc. #95).[4]

Counsel advised the Court that the attorney's fees provided for in the proposed consent judgment were negotiated separately, and without regard to the amount allotted to Plaintiffs (Doc. #95).  The undersigned has additionally reviewed counsel for Plaintiffs amended affidavit of reasonable attorney's fees (Doc. #90) and found the amounts claimed therein to be reasonable under the "lodestar" method.[5]

Upon consideration, the undersigned finds the amended proposed consent judgment to be a fair and reasonable resolution to a *bona fide* FLSA dispute.  While the stipulation

---

[4]Counsel for Plaintiffs stated that Plaintiffs understand the instant proposed judgment may prove to be uncollectible; however, they desire a speedy and certain resolution of the case without having to expend more time and resources (Doc. #95).

[5]The "lodestar" method calculates a reasonable attorney's fee award by multiplying the reasonable hourly rate by the reasonable number of hours expended, resulting in the lodestar figure.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

does not contain a provision for liquidated damages, the undersigned finds external factors such as Defendants' current asset freeze and $7,443,732.00 judgment, *supra*, favor a speedy and certain resolution of the case. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d, 1227, 1243-44 (M.D. Fla. 2010) (stating a FLSA compromise may be permissible if an extraordinary circumstance, such as "an employer in liquidation," commends a speedy or certain resolution).

Based on the foregoing, it is hereby **RECOMMENDED**:

1.  The parties' amended proposed consent judgment (Doc. #83-1) be found to be a **FAIR AND REASONABLE RESOLUTION** of a *bona fide* FLSA dispute.

2.  The case be **DISMISSED with prejudice**.

3.  The **Clerk** enter judgment and, thereafter, close the file.

**DONE AND ENTERED** at Jacksonville, Florida this 31st day of January, 2011.

Copies to:

All counsel of record and
Hon. Timothy J. Corrigan

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge